UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cr-20219-JLK-3/Becerra

UNITED STATES OF AMERICA,

v.

OSCAR LOZANO BADILLO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** came before the Court following the District Court's referral for a change of plea. ECF No. [27]. Based upon the Change of Plea hearing conducted on October 19, 2021, the undersigned makes the following findings, and recommends that the guilty plea be accepted.

    1.    As an initial matter, the Court advised Oscar Lozano Badillo ("Defendant") of the right to appear at the plea hearing in person. Defendant waived the right to appear in person. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented to proceed by videoconference. The Court found that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because the parties had reached a resolution and did not want to further delay the matter. Pursuant to the Administrative Orders of this Court, specifically, including, 2020-76, 2020-53, 2020-41, 2020-33, 2020-24, 2020-21, 2020-18, 2020-23, 2021-12, 2021-33, and 2021-50, the Court found that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice, and the hearing was conducted by videoconference which was the means reasonably available.

    2.    This Court advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea

hearing pursuant to an Order of Reference from the District Court.  This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.  This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case.  Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

4. Defendant pled guilty to Count I of the Indictment.  Count I charges Defendant with conspiracy to possess with intent to distribute a controlled substance, to wit, cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).  The Court advised Defendant that as to Count I there is a maximum of life imprisonment, followed by a period of supervised release of up to life, and a fine of up to $10,000,00.00, including the possibility of forfeiture.  The Court also advised Defendant that there is a mandatory special assessment of $100.00.

5. To set forth the factual basis for the entry of the plea, the Government provided an oral proffer that established all the essential elements of the crime to which Defendant is pleading guilty.  Defendant acknowledged that the proffer was accurate.

6. There is no written plea agreement.  There is an oral agreement between Defendant and the Government that: (1) Defendant is responsible for 870 kilograms of cocaine, (2) the Government would not oppose Defendant receiving acceptance of responsibility credit of 2-3 points if he is eligible, (3) the Government would not oppose Defendant receiving the "safety

valve" exception if he qualifies, (4) Defendant is pleading guilty to a deportable offense, and (5) the Government will dismiss Count II at the sentencing hearing.

7.  Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8.  Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered a guilty plea to Count I of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of that offense.

9.  A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing in this case is set for December 9, 2021, at 10:00 a.m.

Accordingly, it is hereby **RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have **fourteen calendar days** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on October 19, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge